UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| AMANDA MCNEILL | * | CIVIL ACTION NO: 2:11-cv-02941 |
| --- | --- | --- |
| | * | SECTION: ILRL-SS |
| v. | * | |
| | * | JUDGE IVAN LEMELLE |
| OFFICER STEVEN DAILEY and | * | |
| OFFICER BILLY THOMAS | * | MAGISTRATE SHUSHAN |
| | * | JURY TRIAL REQUESTED |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY TO MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE

MAY IT PLEASE THE COURT:

On October 9, 2012, the Defendants filed *Memorandum in Opposition to Motion in Limine*, which raises facts and arguments to which a response may assist this Court with the adjudication of the motion in limine now before it.

Defendants opposition brief readily reveals that the purpose in calling Kerry J. Najolia as an expert is to attack the credibility of the Plaintiff and to bolster the credibility of the Defendants and to back door into evidence arrests and criminal records otherwise inadmissible through testimony or offerings. AT one point the Defendants wrote that Mr. Najolia "can be helpful to jurors in explaining police control techniques unfamiliar to many jurors." The expert report offered has no opinions relevant to this case regarding the use of dogs or police techniques. Mr. Najolia has not offered any evidence that he reviewed the applicable procedures governing the use of dogs by the Ponchatoula Police Department and whether those procedures were followed. He has offered no opinions as to proper police technique for arrest or extraction or questioning of a woman who is pinned in by police cars such that the door of her vehicle is blocked. What proper orders to her would have been. How she should have been directed to exit or the police procedure for removing her from the vehicle. NO opinions is offered that any police procedure or policy any where renders that situation (passive resistance) as one implicating the proper procedure to be that an officer break a window and place a dog inside the vehicle with orders to attack.

The Defendants further argue that because the Ponchatoula Police Department in the past may have arrested the Plaintiff, prior arrests become relative to her bias. Any bias by the Plaintiff for with there has been no prima facia should would have irrelevant to standing police policy and procedure regarding the use of an attack dog.

In Heath v. Cast, 813 F. 2d 254, 259 (9th Cir. 1987), that court allowed evidence of prior arrest and the plaintiff and his brother's prior misdemeanor convictions as admissible as probative of their bias against police officers and of the plaintiff's motive in bringing an action under Section 1983 against police officers. That particular finding of that case is fully discussed and rejected in Winderlin v. Kunz,

Not Reported in F.Supp.2d, 2009 WL 224486 (D. Utah), 72 Fed.R.Serv.3d 845, where, *3, that court wrote as follows:

> Next, as support for their second argument Defendants cite case law supporting the proposition that criminal history may establish motive for bringing a suit due to bias against law enforcement officers.[1] In both cases cited by Defendants, the Court found that evidence of the Plaintiff's criminal history was admissible to the extent the criminal history showed prior adversarial contacts between the Plaintiff and a particular police officer[2] or a particular police department[3] involved as defendants in the lawsuit. Other decisions have distinguished these cases and therefore found inadmissible, evidence of a plaintiff's prior criminal history in which the Defendant officers were not involved,[4] or in which there was no evidence that the Plaintiff was

---

[1] Citing, See Defendants' Reply Memorandum 36 at 3 (citing Pittsley v. Warish, 927 F.2d 3, 9-10 (1st Cir. 1991); Heath v. Cast, 813 F. 2d 254, 259 (9th Cir. 1987)).

[2] Citing, Pittsley v. Warish, 927 F.2d 3, 9-10 (1st Cir. 1991) (finding evidence of Plaintiff's prior gun possession charges and motor vehicle violations were "probative in demonstrating motive and bias given that Officer Warish arrested [Plaintiff] and testified against her at trial which led to her conviction").

[3] Citing, Heath v. Cast, 813 F. 2d 254, 259 (9th Cir. 1987) (finding evidence of Plaintiff's prior arrests and his brother's misdemeanor convictions were "probative of their bias against the Newport Beach police and of [Plaintiff's] motive in bringing this action").

[4] Citing, See, e.g., Brandon v. Village of Maywood, 179 F.Supp.2d 847, 854 (N.D. Ill. 2001)(stating that Plaintiff's "Cook County arrest is clearly irrelevant to [Plaintiff's] claims against Maywood police officers in this case. Unlike Pittsley, there is no evidence any of the police officers who are defendants in this action had any involvement....").

2

biased toward the officers with whom the Plaintiff had prior interactions.[5] In the present case, Defendants do not argue that Plaintiff's UDC records will show any prior interactions between Plaintiff and Officer Kunze or the Sandy City Police Department which may have motivated Plaintiff's present suit against Defendants.[6] Therefore, Plaintiff's UDC records are not relevant to establishing Plaintiff's motives.

Similarly, here, the Defendants have offered no evidence of any prior contact by any of them in any prior arrests or convictions of the Plaintiff or any prior dealings with the family whatsoever to indicate that the Plaintiff's motive for filing suit was payback for prior dealings. Again, Mr. Najolia should be precluded from providing any testimony regarding his opinions as to why Ms. McNeill filed suit and whether she is biased or has ulterior motives for litigating against the Ponchatoula Police.

Defendants also complain of the Plaintiffs from other dog bite cases are listed as will call witness. Those witnesses will testify that in each instance in which they were bitten by the dog, the dog failed to obey voice commands. Once the dog began biting them, the dog could not be called-off. According to the Defendants, that testimony is somehow similar to the Defendants offering an expert to give opinions regarding whether the jury should believe an officer or a victim of a dog bite.

The Defendants have failed to provide this Court with a legal or factual basis to the testimony of Mr. Najolia or to allow criminal records or history to be offered at the trial of this matter.

CONCLUSION

This Court should exclude the "expert report" issued by the Kerry J. Najolia dated January 17, 2012, and any testimony by Mr. Kerry J. Najolia as an expert in this litigation, or limit the testimony sought to be elicited from Mr. Najolia pursuant to FRCP 104, FRCP

---

[5] Citing, Gallagher v. City of West Covina, 2002 WL 1770761 (C.D. Cal. July 29, 2002)(stating that "in Heath, the parties stipulated that the Plaintiff was biased toward the same officers ... In the present case, while Plaintiff has had multiple contacts with law enforcement over the years, there is no evidence ... that Plaintiff was biased towards these officers).

[6] Citing, Defendants' Reply Memorandum 36 at 1.

3

702 and <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1998).

Specifically, this Court should find as follows:

This Court should suppress, limit and exclude from evidence or mention before the jury those documents or any mention to them or the information found therein, as follows:

(7) Misdemeanor Warrant #2011001622 issued for Amanda McNeil on 03/28/2011 by the State of Louisiana - 21st JDC for Failure to Appear on a charge of: Possession of Drug Paraphernalia.
(8) Felony Warrant #2011001570 issued for Amanda McNeil on 03/28/2011 by the State of Louisiana - 21st JDC for Possession of a CDS Schedule II and Aggravated Flight from an Officer.
(9) Criminal History of Ms. Amanda McNeil.

Additionally, this Court should exclude or strike the factual findings from the Report at pages 3-7, and issue an order that Mr. Kerry Najolia may provide no testimony on what he believes to be "the facts and circumstances surrounding his incident."

Additionally, this Court should strike ¶¶ (1)-(8) and (12)-(16) from pages 7-8 of the expert report as opinions that are excluded and issue an order that Mr. Najolia may not offer the opinions found in ¶¶ (1)-(8) and (12)-(16).

Respectfully submitted:

s/Donna Grodner
Donna U. Grodner (20840)
Marcus J. Plaisance (33316)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997

CERTIFICATE

I hereby certify that on October 10, 2012, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants:

s/Donna U. Grodner
*Donna U. Grodner (20840)*
*Marcus J. Plaisance (33316)*
*GRODNER & ASSOCIATES*
*2223 Quail Run, B-1*
*Baton Rouge, Louisiana 70808*

*(225) 769-1919 FAX 769-1997*
*Email: dgrodner@grodnerlaw.com*