**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**AMANDA MCNEILL**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 11-2941**

**OFFICR STEVEN DAILEY AND**                          **SECTION "B"(1)**
**OFFICER BILLY THOMAS**

<u>**ORDER**</u>

Before the Court are Defendant Officer Steve Dailey's[1] ("Dailey") Motion to Dismiss Without Prejudice or in the Alternative Stay the Matter and Plaintiff Amanda McNeill's ("McNeill") Opposition to the motion. (Rec. Docs. No. 20 & 21). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion to Stay is **GRANTED**.

**IT IS FURTHER ORDERED** that during the stay of federal proceedings this action shall be **CLOSED** for administrative purposes only, without prejudice to any party's right to file a motion to reopen, <u>provided</u> said motion is filed no later than thirty (30) days after final resolution of criminal proceedings and after the time for appeal rights arising from such resolution has ended.

<u>Cause of Action and Facts of the Case</u>:

McNeill was arrested by Dailey, acting as an officer of the

---

[1]Motion was actually filed by both Defendants, Officer Steve Dailey and Officer Billy Thomas, but Officer Billy Thomas was subsequently dismissed from the action by this Court's Order (Rec. Doc. No. 28), pursuant to Plaintiff Amanda McNeill's unopposed motion (Rec. Doc. No. 25).

Ponchatoula Police Department, on December 22, 2010, for: various traffic violations, aggravated resisting arrest, resisting a police officer, and possession of a controlled substance and drug paraphernalia. (Rec. Docs. No. 1 & 20-1). McNeill claims she was subject to excessive force during the arrest and seeks damages for violation of her constitutional rights under both 42 U.S.C. § 1983 "§ 1983") and state law. (Rec. Doc. No. 1).

McNeill was charged by the Tangipahoa Parish District Attorney's office for possession of drug paraphernalia and a controlled dangerous substance, as well as aggravated flight from an officer, stemming from her December 22, 2010 arrest. (Rec. Doc. No. 20-1 at 1-2). McNeill failed to appear in the 21st Judicial District Court for the Parish of Tangipohoa ("21st JDC") to respond to those charges, and as a result, warrants were issued for her immediate arrest. *Id.*

McNeill filed the instant suit on November 29, 2011 and Defendant's filed the instant motion to dismiss or alternatively, to stay, on October 2, 2012. (Rec. Docs. No. 1 & 20).

Law and Analysis:

A. *Heck v. Humphrey* and its progeny

Under *Heck v. Humphrey*, the district court must consider whether judgment in favor of a plaintiff seeking damages under § 1983 would "necessarily imply the invalidity of his [underlying state criminal] conviction or sentence." 512 U.S. 477, 487 (1994).

2

If judgment in favor of the plaintiff would imply such invalidity, then the district court must dismiss the plaintiff's complaint unless the plaintiff can show that the underlying state conviction or sentence has already been invalidated. *Id*. However, even if there has not yet been a state criminal conviction, it is within the power of the district court to stay the plaintiff's § 1983 claims until any related criminal case or the likelihood of a related criminal case is ended.[2] *Wallace v. Kato*, 549 U.S. 384, 393-394 (2007), citing *Heck*, 512 U.S. at 487-488, n.8 (noting that "abstention may be an appropriate response to the parallel state-court proceedings."). When it is difficult to determine the impact of adjudication of the § 1983 claim on the state criminal conviction, the district court should not dismiss the claims based on *Heck*, but should instead stay the § 1983 proceedings until the pending criminal case has run its course. *Guillory v. Wheeler*, 303 F.Supp.2d. 808, 809 (M.D. La. 2004), citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

B. McNeill's excessive force claims under a *Heck* analysis

In the present case, to prevail on a § 1983 claim for damages due to excessive force, McNeill must prove that Dailey's use of force was "objectively unreasonable" under the circumstances.

---

[2] The Supreme Court extends the district court's power to stay a case to "any ... claim related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace v. Kato*, 549 U.S. 384, 393 (2007).

3

*Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008), citing *Graham v. Connor*, 490 U.S. 386, 395-97 (1989).  If the factual basis for a state criminal conviction is temporally and conceptually distinct from the excessive force claim, the excessive force claim is not barred by *Heck*.  *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).  Therefore, the determination of whether McNeill's excessive force claims are barred by the *Heck* principle is "analytical and fact-intensive."  *Id*. at 497.

In *Mackey v. Dickson*, the plaintiff filed § 1983 claims challenging the legality of his arrests before it was clear whether he had been tried or convicted in his criminal case.  *Mackey*, 47 F.3d at 746.  The district court dismissed the plaintiff's claims based on *Heck*.  *Id*.  The Fifth Circuit reversed dismissal, stating that it was premature because it was unclear how his criminal case would be impacted by the § 1983 claims.  *Id*.  The Fifth Circuit noted that if the plaintiff were tried and convicted in his criminal case without any evidence resulting directly or indirectly from his alleged illegal arrests, then his § 1983 claims were not likely to be barred by *Heck*.  *Id*.  However, if the prosecution at his criminal trial presented evidence that was a direct or indirect product of his arrests, then the § 1983 claims could undermine the validity of his conviction and should be barred by *Heck*.  *Id*.  Therefore, in vacating the dismissal and remanding the case to the district court, the Fifth Circuit stated "<u>The court</u> may – indeed

4

<u>should – stay proceedings in the section 1983 case until the pending criminal case has run its course</u>, as until that time it may be difficult to determine the relation, if any, between the two." *Id*. (emphasis added).

As in the *Mackey* case, it is unclear what impact, if any, adjudication of McNeill's § 1983 claims would have on the parallel state criminal proceedings pending in the 21st JDC. Both McNeill and Dailey agree that McNeill's excessive force claims pending before this Court arise from incidents related to her arrest on December 22, 2012. (Rec. Docs. No. 1 & 20-1). McNeill now appears to be facing state criminal charges of possession of drug paraphernalia, possession of a controlled dangerous substance and aggravated flight from an officer, all stemming from the same December 22, 2010 arrest. (Rec. Docs. No. 20-1 & 21). Neither party cites the corresponding state criminal statutes which serve as the basis for these charges pending in the 21st JDC. *Id*. Without more information on the nature and elements of the criminal charges pending against McNeill in the 21st JDC, it is impossible to engage in the "fact-intensive" analysis required by the Fifth Circuit to determine if McNeill's excessive force claims are barred by *Heck*. *Bush*, 513 F.3d at 497. Therefore, as in *Mackey*, dismissal of McNeill's claims at this stage would be premature. *Mackey*, 47 F.3d at 746. However, under the Fifth Circuit's directive in *Mackey*, when the impact of this Court's adjudication

of McNeill's claims upon a possible criminal conviction is unclear, McNeill's § 1983 claims should be stayed pending resolution of the parallel state court proceedings in the state court systems.

New Orleans, Louisiana, this 17TH day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE